**ORIGINAL**

MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
DENNIS STEWART (99152)
JOY ANN BULL (138009)
WILLIAM J. DOYLE II (188069)
401 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
  - and -
REED R. KATHREIN (139304)
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone. 415/288-4545
415/288-4534 (fax)

CAULEY, GELLER, BOWMAN
  & COATES, LLP
STEVEN E. CAULEY
P O. Box 25438
Little Rock, AR 72221-5438
Telephone. 501/312-8500
501/312-8505 (fax)

Co-Lead Counsel for Plaintiffs

FILED
CLERK, U S DISTRICT COURT

JAN - 6 2003

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION       BY DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| In re INTUIT PRIVACY LITIGATION | Master File No. EDCV-00-00123-RT(RCx) |
| This Document Relates To | CLASS ACTION |
| ALL ACTIONS. | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
| | DATE. January 6, 2003 TIME: 10.00 a m. COURTROOM:   The Honorable Robert J Timlin |

ENTER ON ICMS

JAN - 6 2003

43

1       WHEREAS, a consolidated class action is pending in the Court entitled *In re*

2   *Intuit Privacy Litig*, Master File No. EDCV-00-00123-RT(RCx)

3       WHEREAS, the parties having made application, pursuant to Rule 23 of the

4   Federal Rules of Civil Procedure, for an order approving the settlement of this action,

5   in accordance with a Stipulation of Settlement dated as of October 22, 2001 (the

6   "Stipulation"), which, together with the Exhibits annexed thereto sets forth the terms

7   and conditions for a proposed settlement of the Litigation and for dismissal of the

8   Litigation with prejudice upon the terms and conditions set forth therein; and the

9   Court having read and considered the Stipulation and the Exhibits annexed thereto,

10  and

11      WHEREAS, all defined terms contained herein shall have the same meanings

12  as set forth in the Stipulation;

13      NOW THEREFORE, IT IS HEREBY ORDERED.

14      1.    The Court does hereby preliminarily approve the Stipulation and the

15  settlement set forth therein as being fair, just, reasonable and adequate as to the

16  Settlement Class Members, subject to further consideration at the Settlement Hearing

17  described below.

18      2    A hearing (the "Settlement Hearing") shall be held before this Court on

19  June 16, 2003, at 10:00 a.m., at the United States Courthouse, 3470 Twelfth Street,

20  Riverside, California, to determine whether the proposed settlement of the Litigation

21  on the terms and conditions provided for in the Stipulation is fair, just, reasonable and

22  adequate as to the Settlement Class and should be approved by the Court, whether a

23  Judgment as provided in ¶1.5 of the Stipulation should be entered herein  The Court

24  may adjourn the Settlement Hearing without further notice to Members of the

25  Settlement Class.

26      3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court

27  preliminarily certifies, for purposes of effectuating this settlement, a Settlement Class

28  of all users of Intuit's Quicken.com website who had their personal financial

1   information accessed, intercepted, or disclosed to entities other than Intuit. Excluded

2   from the Settlement Class are those persons who timely and validly request exclusion

3   pursuant to the "Notice of Pendency and Settlement of Class Action" to be sent to the

4   class

5       4.      With respect to the Settlement Class, this Court preliminarily finds that:

6   (a) the Members of the Settlement Class are so numerous that joinder of all

7   Settlement Class Members in the Litigation is impracticable; (b) there are questions

8   of law and fact common to the Settlement Class which predominate over any

9   individual questions, (c) the claims of the Representative Plaintiffs are typical of the

10  claims of the Settlement Class, (d) the Representative Plaintiffs and their counsel

11  have fairly and adequately represented and protected the interests of all of the

12  Settlement Class Members, and (e) a class action is superior to other available

13  methods for the fair and efficient adjudication of the controversy, considering: (i) the

14  interests of the Members of the Settlement Class in individually controlling the

15  prosecution of the separate actions; (ii) the extent and nature of any litigation

16  concerning the controversy already commenced by Members of the Settlement Class;

17  (iii) the desirability or undesirability of continuing the litigation of these claims in

18  this particular forum; and (iv) the difficulties likely to be encountered in the

19  management of the class action.

20      5      The Court approves, as to form and content, the Notice of Pendency and

21  Settlement of Class Action (the "Notice"), and Summary Notice annexed as Exhibits

22  A-1 and A-2 hereto and finds that the mailing and distribution of the Notice and

23  publishing of the Summary Notice substantially in the manner and form set forth in

24  ¶6 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil

25  Procedure and due process, and is the best notice practicable under the circumstances

26  and shall constitute due and sufficient notice to all persons entitled thereto.

27      6      Intuit will provide notice to Settlement Class Members as more fully set

28  forth below.

1          (a)    Not later than April 18, 2003 (the "Notice Date") Intuit will create

2    a web page so class members can view a long form notice of the settlement, the

3    operative complaints, the answer, and the Stipulation;

4          (b)    Not later than the Notice Date, Intuit will send e-mail notices

5    containing the summary notice with a hyperlink to the above-described web page to

6    all registered users of Quicken.com as of June 30, 2000, except those who have

7    requested not to receive e-mail notices;

8          (c)    Intuit will place a hyperlink to the settlement notice website on the

9    Quicken.com home page from a reasonable period of time after the date of

10   preliminary approval through the date for objections and opt-outs;

11         (d)    Not later than April 18, 2003, Intuit will cause publication of a

12   short form notice the size of one-eighth of a page in *USA Today* and *Computer*

13   *Shopper*; and

14         (e)    At least fourteen (14) calendar days prior to the Settlement

15   Hearing, Intuit shall serve on Plaintiffs' Settlement Counsel and file with the Court

16   proof, by affidavit or declaration, of such mailing and publishing

17         7    Any person falling within the definition of the Settlement Class who

18   desires to request exclusion from the Settlement Class shall do so within the time set

19   forth and in the manner described in the Notice. Unless the Court orders otherwise,

20   no request for exclusion shall be valid unless it is made within the time set forth and

21   in the manner described in the Notice.

22         8.    All Members of the Settlement Class shall be bound by all

23   determinations and judgments in the Litigation concerning the settlement, including,

24   but not limited to, the releases provided for therein, whether favorable or unfavorable

25   to the Settlement Class

26         9.    Any Member of the Settlement Class may enter an appearance in the

27   Litigation, at their own expense, individually or through counsel of their own choice

28

1   If they do not enter an appearance, they will be represented by Plaintiffs' Settlement

2   Counsel.

3        10.    All proceedings in the Litigation are stayed until further order of the

4   Court, except as may be necessary to implement the settlement or comply with the

5   terms of the Stipulation. Pending final determination of whether the settlement should

6   be approved, neither the Representative Plaintiffs nor any Settlement Class Member,

7   either directly, representatively, or in any other capacity, shall commence or prosecute

8   against Intuit, any action or proceeding in any court or tribunal asserting any of the

9   Released Claims.

10       11.    Any Member of the Settlement Class may appear and show cause, if he,

11  she or it has any, why the proposed settlement of the Litigation should or should not

12  be approved as fair, just, reasonable and adequate, or why a judgment should or

13  should not be entered thereon, provided, however, that no Settlement Class Member

14  or any other person shall be heard or entitled to contest the approval of the terms and

15  conditions of the proposed settlement, or, if approved, the judgment to be entered

16  thereon approving the same, unless written objections and copies of any papers and

17  briefs are received by Joy Ann Bull, Milberg Weiss Bershad Hynes & Lerach LLP,

18  401 B Street, Suite 1700, San Diego, California 92101, and Aton Arbisser, Kaye

19  Scholer LLP, 1999 Avenue of the Stars, Suite 1700, Los Angeles, California 90067,

20  on or before May 19, 2003; and said objections, papers and briefs are filed with the

21  Clerk of the Court for the Central District of California, Eastern Division, on or

22  before May 19, 2003  Any Member of the Settlement Class who does not make his,

23  her or its objection in the manner provided shall be deemed to have waived such

24  objection and shall forever be foreclosed from making any objection to the fairness,

25  justness, reasonableness or adequacy of the proposed settlement as incorporated in

26  the Stipulation, unless otherwise ordered by the Court

27       12.    All motions and papers in support of the settlement, shall be filed and

28  served seven (7) calendar days prior to the Settlement Hearing

13.   All reasonable costs incurred in identifying and notifying class members shall be paid as set forth in the Stipulation.  In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Representative Plaintiffs nor any of their counsel shall have any obligation to Defendants for the costs of class notice

14   The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED

DATED: **11/6/03**

THE HONORABLE ROBERT J TIMLIN
UNITED STATES DISTRICT JUDGE

G \Cases-SD\Intuit2 set\DLM85551 e-a

- 5 -

1  MILBERG WEISS BERSHAD
   HYNES & LERACH LLP
2  DENNIS STEWART (99152)
   JOY ANN BULL (138009)
3  WILLIAM J. DOYLE II (188069)
   401 B Street, Suite 1700
4  San Diego, CA 92101
   Telephone: 619/231-1058
5  619/231-7423 (fax)
     - and -
6  REED R. KATHREIN (139304)
   100 Pine Street, Suite 2600
7  San Francisco, CA 94111
   Telephone: 415/288-4545
8  415/288-4534 (fax)

9  CAULEY, GELLER, BOWMAN
   & COATES, LLP
10  STEVEN E. CAULEY
   P O. Box 25438
11  Little Rock, AR 72221-5438
   Telephone: 501/312-8500
12  501/312-8505 (fax)

13  Co-Lead Counsel for Plaintiffs

14

15  UNITED STATES DISTRICT COURT

16  CENTRAL DISTRICT OF CALIFORNIA

17  EASTERN DIVISION

18  In re INTUIT PRIVACY LITIGATION ) Master File No.
                                )  EDCV-00-00123-RT(RCx)
19  _____ )
   This Document Relates To.      ) CLASS ACTION
20                        )
     ALL ACTIONS         ) NOTICE OF PENDENCY AND
21  _____ ) SETTLEMENT OF CLASS ACTION
22                      EXHIBIT A-1

23

24

25

26

27

28

                                   6

1   TO:   ALL USERS OF INTUIT INC.'S ("INTUIT") QUICKEN.COM WEBSITE

2         PLEASE READ THIS NOTICE CAREFULLY.  THIS NOTICE RELATES

3   TO A PROPOSED SETTLEMENT OF THIS CLASS ACTION AND, IF YOU ARE

4   A CLASS MEMBER, CONTAINS IMPORTANT INFORMATION AS TO YOUR

5   RIGHTS CONCERNING THE SETTLEMENT AS FURTHER DESCRIBED

6   BELOW

7         YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States

8   District Court for the Central District of California (the "Court"), and Rule 23 of the

9   Federal Rules of Civil Procedure, that a settlement of the above-captioned action (the

10  "Litigation") has been reached by the parties, which settlement is subject to approval

11  by the Court.

12        The proposed settlement consists of several components   As set out in more

13  detail at §VI below, Intuit has agreed to implement changes to improve the protection

14  of privacy interests of Settlement Class Members.  Intuit has also agreed to provide

15  and pay for the costs of disseminating notice to Settlement Class Members.   In

16  addition, Intuit has agreed to contribute $50,000 to a privacy advocacy group, pay the

17  Representative Plaintiffs a total of $1,000 for their efforts in representing the

18  Settlement Class, and pay Representative Plaintiffs' Counsel $325,000 for their time

19  and expenses.

20        This Notice is not intended to be, and should not be construed as, an expression

21  of any opinion by the Court with respect to the truth of the allegations in the

22  Litigation or the merits of the claims or defenses asserted.  This Notice is to advise

23  you of the proposed settlement and of your rights in connection therewith

24  **I.    DEFINITIONS**

25        As used in this Notice, the following terms have the meanings specified below.

26        1.    "Defendant" means Intuit.

27        2.    "Intuit" means Intuit Inc  and its predecessors, successors, parents,

28  subsidiaries, divisions, officers, directors and related or affiliated entities.

3.    "Personally Identifiable Information" means data that identifies or locates a particular person, consisting primarily of name or address or telephone number or e-mail address.

4    "Settlement Class" means all users of Intuit's Quicken.com website who had their personal financial information accessed, intercepted, or disclosed to entities other than Intuit.  Excluded from the Settlement Class are those persons who timely and validly request exclusion pursuant to this Notice

5.    "Settlement Class Member" or "Member of the Settlement Class" mean a person who falls within the definition of the Settlement Class.

6.    "User Input" or "User Inputs" mean any Personally Identifiable Information or personal financial information regarding income, expenses or personal tax liability that is or has been input or provided by an individual user.

7    "Internet Advertising Companies" means companies who place advertisements for other companies' services or products and this does not include companies who place advertisements for their own services or products.

8.    "Service Provider" means a third party that does not act on its own behalf and who shall under no circumstances collect, access, use, reproduce or disclose Intuit customer data other than as either specifically authorized by, or clearly necessary in order to perform services pursuant to an agreement with Intuit

## II.    THE LITIGATION AND RELATED PROCEEDINGS

The following actions were filed in or transferred to the United States District Court for the Central District of California, Eastern Division, as class actions on behalf of users of Intuit's Quicken com website and who had their personal financial information accessed, intercepted or disclosed to entities other than Intuit:

1.    *Bruce v Intuit Inc* , No. EDCV00-123-RT(RCx), filed on March 3, 2000, and

2    *Newby v  Intuit Inc* , No  EDCV00-339-RT(RCx), filed on April 27, 2000.

1   By order dated June 26, 2000, the above actions were consolidated for pre-trial

2   purposes and are referred to herein collectively as the "Federal Action." The Court

3   also appointed Milberg Weiss Bershad Hynes & Lerach LLP, and Cauley, Geller,

4   Bowman & Coates, LLP co-lead counsel for the proposed class.

5   An action entitled *Almanza v. Intuit Inc.*, Case No. RCV-046493, was filed in

6   the Superior Court of the State of California, County of San Bernardino, Rancho

7   Cucamonga Division on March 22, 2000 (the "State Court Action") The State Court

8   Action was filed on behalf of the general public and all users of Intuit's Quicken.com

9   website whose personal and private information was intercepted, transferred and/or

10  disclosed to entities other than Intuit.

11  The Federal Action and the State Court Action are collectively referred to

12  herein as the "Litigation."

13  **III.   DEFENDANT'S DENIALS OF WRONGDOING AND
        LIABILITY**

14

15  The Defendant has denied and continues to deny each and all of the claims and

16  contentions alleged by the Representative Plaintiffs in the Litigation. The Defendant

    expressly has denied and continues to deny all charges of wrongdoing or liability

17  against it arising out of any of the conduct alleged in the Litigation  The Defendant

18  also has denied and continues to deny, *inter alia*, the allegations that the

19  Representative Plaintiffs or the Settlement Class have suffered damage or that the

20  Representative Plaintiffs or the Settlement Class were harmed by the conduct alleged

21  in the Litigation

22

23  **IV.   CLAIMS OF THE REPRESENTATIVE PLAINTIFF AND
        BENEFITS OF SETTLEMENT**

24  The Representative Plaintiffs believe that the claims asserted in the Litigation

25  have merit   However, counsel for the Representative Plaintiffs recognize and

26  acknowledge the expense and length of continued proceedings necessary to prosecute

27  the Litigation against the Defendant through trial and through appeals. Counsel for

28  the Representative Plaintiffs also have taken into account the uncertain outcome and

- 3 -

1   the risk of any litigation, especially in complex actions such as the Litigation, as well

2   as the difficulties and delays inherent in such litigation   Counsel for the

3   Representative Plaintiffs also are mindful of the inherent problems of proof under and

4   the possible defenses to the violations asserted in the Litigation   Counsel for the

5   Representative Plaintiffs believe that the settlement set forth in the Stipulation

6   confers substantial benefits upon the Settlement Class   Based on their evaluation,

7   counsel for the Representative Plaintiffs have determined that the settlement set forth

8   in the Stipulation is in the best interests of the Representative Plaintiffs and the

9   Settlement Class.

10  **V.     THE RIGHTS OF SETTLEMENT CLASS MEMBERS**

11          If you are a Settlement Class Member, you may receive the benefit of and you

12  will be bound by the terms of the proposed settlement described in §VI of this Notice,

13  upon approval of it by the Court.

14          If you are a Settlement Class Member, you have the following options.

15          1.     If you do not wish to be included in the Settlement Class and you do not

16  wish to participate in the proposed settlement described in this Notice, you may

17  request to be excluded   To do so, you must so state in writing no later than May 19,

18  2003   You must set forth: (a) the name of this Litigation (*Intuit Privacy Litigation*,

19  Master File No  EDCV-00-00123-RT(RCx)), (b) your name, address and telephone

20  number; and (c) that you wish to be excluded from the Settlement Class.   The

21  exclusion request should be addressed as follows·

22                          *Intuit Privacy Litigation*
                            c/o MILBERG WEISS BERSHAD
23                           HYNES & LERACH LLP
                            JOY ANN BULL
24                          401 B Street, Suite 1700
                            San Diego, CA  92101
25
    NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL
26
    OF THE INFORMATION DESCRIBED ABOVE IS INCLUDED IN ANY SUCH
27
    REQUEST.
28

1         If you validly request exclusion from the Settlement Class. (a) you will be
2   excluded from the Settlement Class; (b) you will not be bound by any judgment
3   entered in the Litigation; and (c) you will not be precluded, by reason of your
4   decision to request exclusion from the Settlement Class, from otherwise prosecuting
5   an individual claim, if timely, against the Defendant based on the matters complained
6   of in the Litigation.

7         2.    If you do not request in writing to be excluded from the Settlement Class
8   as set forth in paragraph 1 above, you will be bound by any and all determinations or
9   judgments in the Litigation in connection with the settlement entered into or approved
10  by the Court, whether favorable or unfavorable to the Settlement Class including,
11  without limitation, the Judgment described in §VIII, ¶1, below, and you shall be
12  deemed to have, and by operation of the Judgment shall have fully released all of the
13  Released Claims (defined below) against the Defendant.

14        3.    If you do not request to be excluded from the Settlement Class, you may
15  object to the Settlement in the manner set forth below.  However, if your objection
16  is rejected you will be bound by the Settlement and the Judgment (described in §VIII,
17  ¶1, below) just as if you had not objected.

18        4.    You may do nothing at all. If you choose this option, you will be bound
19  by any judgment entered by the Court, and you shall be deemed to have, and by
20  operation of the Judgment shall have fully released all of the Released Claims
21  (defined below) against the Defendant.

22        If you are a Settlement Class Member, you may, but are not required to, enter
23  an appearance through counsel of your own choosing at your own expense.  If you
24  do not do so, you will be represented by Plaintiffs' Settlement Counsel: Milberg
25  Weiss Bershad Hynes & Lerach LLP, Dennis Stewart, Joy Ann Bull, 401 B Street,
26  Suite 1700, San Diego, California 92101, and Cauley, Geller, Bowman & Coates,
27  LLP, Steven E. Cauley, 11311 Arcade Drive, Suite 200, Little Rock, Arkansas 72212
28

**11**

1 | VI.   **THE PROPOSED SETTLEMENT**

2        A settlement has been reached in the Litigation between the plaintiffs and the

3 Defendant which is embodied in a Stipulation of Settlement dated as of October 22,

4 2001 (the "Stipulation"), on file with the Court.  The attorneys for the plaintiffs, on

5 the basis of, among other things, a thorough investigation of the facts and the law

6 relating to the acts, events, and conduct complained of and the subject matter of the

7 Litigation, have concluded that the proposed settlement is fair to and in the best

8 interests of the Settlement Class.

9        The following description of the proposed settlement of the Litigation is only

10 a summary, and reference is made to the text of the Stipulation, on file with the Court,

11 for a full statement of its provisions.

12        1.      Intuit agrees to the following injunctive relief for a period of three (3)

13 years from the date the settlement becomes Final·

14             (a)     Intuit will commit to making the links to their privacy statements

15 "readily accessible" to all its website users by complying with current industry

16 practices on the placement and appearance of these links.

17             (b)     Intuit will require all Internet Advertising Companies who display

18 advertising or otherwise have a presence on any of Intuit's web pages to comply with

19 the Network Advertising Institute's self-regulation program or another program  at

20 least as strict as or stricter than the Network Advertising Institute's self-regulation

21 program.

22             (c)     As long as any of the advertisements served on the Quicken.com

23 website are served by advertisers that utilize the Network Advertising Institute's opt-

24 out programs, Intuit agrees to post and maintain a hyperlink to the Network

25 Advertising Institute's opt-out web page in its privacy statements on Quicken.com.

26             (d)     It shall be Intuit's policy that any User Input will only be used or

27 transferred in a manner consistent with the privacy statement for the Intuit-owned site

28

**12**

1 | where the information was input, including procedures contained in those privacy
2 | statements relating to any change in Intuit's privacy policies.

3 |        (e)    Intuit will not disclose User Inputs to any third party, including
4 | any merger partner or successor-in-interest, without ensuring that any disclosure is
5 | in accordance with the privacy statement(s) and relevant opt-out procedures
6 | applicable to that information.

7 |        (f)    Intuit agrees to comply with an independent certification program
8 | or continue to engage an independent auditor to certify its privacy practices

9 |        (g)    Intuit will continue to monitor and, if necessary, program the
10 | Quicken.com website to encrypt any User Input that may be transmitted to third party
11 | advertisers via a UrL on the Quicken.com website.

12 |        (h)    Intuit will give prominent notification to all users at its websites
13 | whenever the user is asked to provide User Input directly to a third party who is not
14 | a Service Provider

15 |        (i)    Intuit will identify all changes made to the Quicken com website
16 | since the filing of this lawsuit that were intended to improve the protection of privacy
17 | of users of the site.

18 |      2.    Due to the inability to identify individual class members or verify
19 | individual claims for damage, Intuit agrees to contribute $50,000 to a privacy
20 | advocacy group or university-based public policy entity that is mutually agreeable to
21 | the Settling Parties.

22 |      3.    Intuit agrees to pay Representative Plaintiffs a total of $1,000 for their
23 | efforts in representing the class in this action.

24 |      4.    Intuit agrees to pay Representative Plaintiffs' Counsel a total of $325,000
25 | for their time and expenses in this matter

26 |      5.    Intuit shall pay all costs of class notice   Intuit agrees to provide notice
27 | to Settlement Class Members by·

28 |

(a)     Creating a web page so class members can view this Notice of the settlement, the operative complaints, the answer, and the Stipulation.

(b)     Sending e-mail notices containing the summary notice with a hyperlink to the above-described web page to all registered users of Quicken com as of June 30, 2000, except those who have requested not to receive e-mail notices.

(c)     Placing a hyperlink to the settlement notice website on the Quicken.com home page from a reasonable period of time after the date of preliminary approval through the date for objections and opt-outs

(d)     Publish a short form notice in *USA Today* and *Computer Shopper*.

## VII.   CONDITIONS FOR SETTLEMENT

The settlement is conditioned upon the occurrence of certain events described in the Stipulation   Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Stipulation; and (2) expiration of the time to appeal from or alter or amend the Judgment.  If, for any reason, any one of the conditions described in the Stipulation is not met, the Stipulation might be terminated and, if terminated, will become null and void, and the parties to the Stipulation will be restored to their respective positions as of October 21, 2001.

## VIII.  DISMISSAL AND RELEASES

1      If the proposed settlement is approved by the Court, the Court will enter a Judgment which will dismiss the Litigation as against the Defendant with prejudice, and bar and permanently enjoin the Representative Plaintiffs and each Settlement Class Member from prosecuting the Released Claims (defined below) against the Defendant, and any such Settlement Class Member shall be conclusively deemed to have released any and all such Released Claims against the Defendant.  The Court shall retain jurisdiction over implementation of the settlement and enforcing and administering the Stipulation, including any releases executed in connection therewith

14

1    2.    As used above, "Released Claims" means all claims (including, but not

2  limited to, Unknown Claims as defined below), rights, causes of action, suits,

3  demands, attorneys' fees, and any other matters and issues, of any nature whatsoever,

4  whether known or unknown, whether suspected or unsuspected, whether concealed

5  or hidden, by any Representative Plaintiff or Settlement Class Member against the

6  Defendant, whether under state or federal law, that arise out of the claims that were

7  brought in the Litigation, including but not limited to alleged violations of 18 U.S.C

8  §2701, *et seq*, 18 U.S.C §2510, *et seq*, 18 U.S.C. §1030, *et seq.*, Art I, Sec. 7 of the

9  California Constitution, Unjust Enrichment, California Business & Professions Code

10  §§17200 *et seq*, and 17500 *et seq*, California Consumers Legal Remedies Act and

11  Trespass to Chattels, except however any individual claim that constitutes "damage"

12  as that term is defined in 18 U.S.C. §1030(e)(8) is specifically excluded from this

13  release.

14    3.    "Unknown Claims" means any Released Claims which any

15  Representative Plaintiff or Settlement Class Member does not know or suspect to

16  exist in his, her or its favor at the time of the release of the Defendant which, if

17  known by him, her or it, might have affected his, her or its settlement with and release

18  of the Defendant, or might have affected his, her or its decision not to object to this

19  settlement or not to exclude himself, herself, or itself from the Settlement Class  With

20  respect to any and all Released Claims, the Settling Parties stipulate and agree that,

21  upon the Effective Date, the Representative Plaintiffs shall expressly and each of the

22  Settlement Class Members shall be deemed to have, and by operation of the Judgment

23  shall have, expressly waived, the provisions, rights and benefits of California Civil

24  Code §1542, which provides·

25        A general release does not extend to claims which the creditor

26        does not know or suspect to exist in his favor at the time of executing

27        the release, which if known by him must have materially affected his

28        settlement with the debtor.

1  The Representative Plaintiffs shall expressly and each of the Settlement Class

2  Members shall be deemed to have, and by operation of the Judgment shall have,

3  expressly waived any and all provisions, rights and benefits conferred by any law of

4  any state or territory of the United States, or principle of common law, which is

5  similar, comparable or equivalent to California Civil Code §1542.   The

6  Representative Plaintiffs and Settlement Class Members may hereafter discover facts

7  in addition to or different from those which any of them now knows or believes to be

8  true with respect to the subject matter of the Released Claims, but each

9  Representative Plaintiff shall expressly and each Settlement Class Member, upon the

10  Effective Date, shall be deemed to have, and by operation of the Judgment shall have,

11  fully, finally, and forever settled and released any and all Released Claims, known or

12  unknown, suspected or unsuspected, contingent or non-contingent, whether or not

13  concealed or hidden, which now exist, or heretofore have existed upon any theory of

14  law or equity now existing or coming into existence in the future, including, but not

15  limited to, conduct which is negligent, intentional, with or without malice, or a breach

16  of any duty, law or rule, without regard to the subsequent discovery or existence of

17  such different or additional facts. The Representative Plaintiffs acknowledge, and the

18  Settlement Class Members shall be deemed by operation of the Judgment to have

19  acknowledged, that the foregoing waiver was separately bargained for and is a key

20  element of the settlement of which this release is a part.

21  **IX.   ATTORNEYS' FEES AND EXPENSES OF PLAINTIFFS' ATTORNEYS**

22
23  To date, plaintiffs' counsel have not received any payment for their services in

conducting this Litigation on behalf of the Representative Plaintiffs and the Members

24  of the Settlement Class, nor have counsel been reimbursed for their out-of-pocket

25  expenses   Intuit has agreed to pay Representative Plaintiffs' Counsel attorneys' fees

26  and expenses of $325,000.  Settlement Class Members are not personally liable for

27  the fees or expenses of Representative Plaintiffs' Counsel.

28

**16**

## X.   THE HEARING ON PROPOSED SETTLEMENT

A hearing (the "Hearing") will be held before the Honorable Robert J. Timlin at the United States Courthouse, 3470 Twelfth Street, Riverside, California, at 10:00 a.m., on June 16, 2003, for the purpose of determining (1) whether the proposed settlement is fair, reasonable and adequate and whether it should be approved by the Court; and (2) whether a Judgment should be entered dismissing the Litigation with prejudice as against the Defendant. The Hearing may be adjourned from time to time by the Court at the Hearing or any adjourned session thereof without further notice.

Any Member of the Settlement Class who has not requested exclusion may appear at the Hearing to show cause why the proposed settlement should not be approved, or the Litigation should not be dismissed with prejudice as against the Defendant; provided, however, that no such person shall be heard, unless his, her, or its objection or opposition is made in writing and is filed, together with copies of all other papers and briefs by him, her, or it with the Court no later than May 19, 2003, and *received* on or before May 19, 2003 by both.

MILBERG WEISS BERSHAD
HYNES & LERACH LLP
JOY ANN BULL
401 B Street, Suite 1700
San Diego, CA 92101

Counsel for Plaintiffs

and

KAYE SCHOLER LLP
ATON ARBISSER
1999 Avenue of the Stars
Suite 1600
Los Angeles, CA  90067

Counsel for Intuit

Unless otherwise ordered by the Court, any Member of the Settlement Class who does not make his, her, or its objection or opposition in the manner provided shall be deemed to have waived all objections and opposition to the fairness, reasonableness and adequacy of the proposed settlement.

17

## XI.    EXAMINATION OF PAPERS AND INQUIRIES

This Notice contains only a summary of the terms of the proposed settlement. For a more detailed statement of the matters involved in the Litigation, reference is made to the pleadings, to the Stipulation of Settlement and to other papers filed in this action which may be inspected at the Office of the Clerk, United States District Court, Central District of California, Eastern Division, 3470 Twelfth Street, Riverside, California, during business hours of each business day.

Inquiries regarding the Litigation should be addressed as follows:

> *Intuit Privacy Litigation*
> Rick Nelson
> MILBERG WEISS BERSHAD
>   HYNES & LERACH LLP
> 401 B Street, Suite 1700
> San Diego, CA  92101

## DO NOT CONTACT THE COURT REGARDING THIS NOTICE.

If you have any questions about the settlement, you may contact the following counsel for the plaintiffs:

> Milberg Weiss Bershad Hynes & Lerach LLP
> Rick Nelson
> 619/231-1058

DATED: _____, 2003

> BY ORDER OF THE COURT
> UNITED STATES DISTRICT COURT
> CENTRAL DISTRICT OF CALIFORNIA
> EASTERN DIVISION

G \Cases-SD\Intuit2 set\DLM85552 a-1

- 12 -

18

1 | MILBERG WEISS BERSHAD
    HYNES & LERACH LLP
2 | DENNIS STEWART (99152)
    JOY ANN BULL (138009)
3 | WILLIAM J DOYLE II (188069)
    401 B Street, Suite 1700
4 | San Diego, CA 92101
    Telephone: 619/231-1058
5 | 619/231-7423 (fax)
         - and -
6 | REED R KATHREIN (139304)
    100 Pine Street, Suite 2600
7 | San Francisco, CA 94111
    Telephone 415/288-4545
8 | 415/288-4534 (fax)

9 | CAULEY, GELLER, BOWMAN
    & COATES, LLP
10 | STEVEN E CAULEY
    P.O. Box 25438
11 | Little Rock, AR 72221-5438
    Telephone: 501/312-8500
12 | 501/312-8505 (fax)

13 | Co-Lead Counsel for Plaintiffs

14 |

15 | UNITED STATES DISTRICT COURT

16 | CENTRAL DISTRICT OF CALIFORNIA

17 | EASTERN DIVISION

18 | In re INTUIT PRIVACY LITIGATION   )   Master File No.
                                       )     EDCV-00-00123-RT(RCx)
19 | ─────────────────────────────     )
                                       )   CLASS ACTION
20 | This Document Relates To:         )
                                       )   SUMMARY NOTICE
21 | ALL ACTIONS.                      )
     ─────────────────────────────     )   EXHIBIT A-2

22 |

23 |

24 |

25 |

26 |

27 |

28 |

TO:    ALL USERS OF INTUIT INC.'S ("INTUIT") QUICKEN.COM WEBSITE

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the Central District of California, Eastern Division, a hearing will be held on June 16, 2003, at 10·00 a m., before the Honorable Robert J Timlin at 3470 Twelfth Street, Riverside, California, for the purpose of determining: (1) whether the proposed settlement of the Litigation should be approved by the Court as fair, just, reasonable and adequate; and (2) whether, thereafter, this Litigation should be dismissed with prejudice as set forth in the Stipulation of Settlement dated as of October 22, 2001.

If you used Intuit's Quicken.com website and had you personal financial information accessed, intercepted or disclosed to entities other than Intuit, your rights may be affected by this Litigation and the settlement thereof.  If you would like to read the detailed Notice of Pendency and Settlement of Class Action you may do so by logging on to www._____ com.  You will be bound by any judgment rendered in the Litigation unless you request to be excluded, in writing, to the above address, postmarked by May 19, 2003

Any objection to the settlement must be filed with the Court no later than May 19, 2003, and *received* by the following no later than May 19, 2003·

MILBERG WEISS BERSHAD
 HYNES & LERACH LLP
JOY ANN BULL
401 B Street, Suite 1700
San Diego, CA 92101

Counsel for Plaintiffs

KAYE SCHOLER LLP
ATON ARBISSER
1999 Avenue of the Stars, Suite 1600
Los Angeles, CA  90067

Counsel for Intuit Inc.

- 1 -

20

1    PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE

2  REGARDING THIS NOTICE.

3

4  DATED: _____, 2003        BY ORDER OF THE COURT
                                        UNITED STATES DISTRICT COURT
5                                       CENTRAL DISTRICT OF CALIFORNIA
                                        EASTERN DIVISION
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   G:\Cases-SD\Intuit2 set\DLM85553 a-2

**21**

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 401 B Street, Suite 1700, San Diego, California 92101.

2      That on January 2, 2003, declarant served the [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.      That there is a regular communication by mail between the place of mailing and the places so addressed

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of January, 2002, at San Diego, California.

Yvette D Gray

22

INTUIT II
Service List - 11/14/02
Page   1


COUNSEL FOR PLAINTIFF(S)

Jonathan W. Cuneo
THE CUNEO LAW GROUP, P C.
317 Massachusetts Avenue, N.E.
Suite 300
Washington, DC   20002
   202/789-3960
   202/789-1813 (fax)

Steven E. Cauley
CAULEY, GELLER, BOWMAN &
   COATES, LLP
P.O. Box 25438
Little Rock, AR   72221-5438
   501/312-8500
   501/312-8505 (fax)

David M. Goldstein
MARICIC & GOLDSTEIN, LLP
10535 Foothill Blvd., Suite 300
Rancho Cucamonga, CA   91729
   909/945-9549
   909/980-5525 (fax)

Reed R   Kathrein
MILBERG WEISS BERSHAD HYNES &
   LERACH LLP
100 Pine Street, Suite 2600
San Francisco, CA   94111-5238
   415/288-4545
   415/288-4534 (fax)

Brian J. Robbins
ROBBINS UMEDA & FINK, LLP
1010 Second Avenue, Suite 2360
San Diego, CA   92101
   619/525-3990
   619/525-3991 (fax)

Dennis Stewart
William J. Doyle II
MILBERG WEISS BERSHAD HYNES &
   LERACH LLP
401 B Street, Suite 1700
San Diego, CA   92101-5050
   619/231-1058
   619/231-7423 (fax)


COUNSEL FOR DEFENDANTS

*Aton Arbisser
 Ashleigh A. Danker
 KAYE, SCHOLER, FIERMAN, HAYS &
    HANDLER, LLP
 1999 Avenue of the Stars
 Suite 1600
 Los Angeles, CA   90067
    310/788-1000
    310/788-1200 (fax)


*  Denotes Service via ovenight delivery